UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **THOMAS A. CONNELLY,** in his Capacity as Executor of the Estate of Michael P. Connelly, Sr., <br><br> Plaintiff, <br><br> v. <br><br> **THE UNITED STATES OF AMERICA, DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE** <br><br> Defendant. | Case No. <br><br> **CIVIL ACTION FOR REFUND OF ERRONEOUSLY ASSESSED VALUE OF AN ESTATE** |

## COMPLAINT

Plaintiff, Thomas A. Connelly, in his capacity as Executor of the Estate of Michael P. Connelly, Sr., for this Complaint against Defendant, The United States of America, Department of the Treasury, Internal Revenue Service, to recover an overpayment of estate taxes, states to this Court as follows:

### PARTIES

1. Plaintiff is the Executor of the Estate of Michael P. Connelly, Sr., late of St. Louis County, State of Missouri, having been appointed as such by the St. Louis County Circuit Court, Probate Division, and Letters Testamentary issued on October 1, 2013. Plaintiff is now and has been since his appointment the qualified and acting Executor. Plaintiff is a resident and citizen of St. Louis, Missouri.

2. Defendant is The United States of America, Department of the Treasury, Internal Revenue Service.

## JURISDICTION AND VENUE

3. Jurisdiction is conferred on this Court by 28 U.S.C. § 1346(a)(1); 26 U.S.C. § 6402; 26 C.F.R. § 301.6402-1, 2; 26 U.S.C. § 7422, Civil Action for Refund, and its implementing regulations.

4. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1402(a).

## PARTIES

## CLAIM FOR REFUND FOR OVERPAYMENT OF ESTATE TAX

5. This action is brought for the recovery of $1,027,041.77 erroneously, illegally, and excessively assessed against and/or collected from Plaintiff as federal estate tax in his capacity as the Executor for the Estate of Michael P. Connelly, Sr., together with interest as provided by law.

6. On December 31, 2014, Plaintiff filed the United States Estate Tax return for the Estate of Michael P. Connelly, Sr. as provided by law with the District Director of Internal Revenue at St. Louis, Missouri, and reported that the net estate tax due was zero ($0).

7. On January 12, 2015, Plaintiff filed a Supplementary Estate Tax Return Form 706 for the Estate of Michael Connelly at St. Louis, Missouri and reported a net Estate Tax of $305,426 (Line 16) which resulted in total transfer taxes of $305,426 (Line 18). The Estate has previously made prior payments of $550,229 (Line 18) and thus a refund in the amount of $244,803 was requested.

8. The return was audited, and on June 7, 2017, the Commissioner of Internal Revenue mailed a Notice of Deficiency which provided an increase of tax in the amount of $889,914.

9. Thereafter, on October 23, 2017, the Commissioner of Internal Revenue mailed a Notice of Deficiency (Notice CP 220) in the amount of $998,155.37, which included a tax increase

2

of $889,914, interest charges of $103,036.09, and a reduction of $5,205.28, for reduction of interest previously allowed. This amount was paid by Plaintiff to Defendant on October 31, 2017, by hand delivery to the St. Louis, Missouri Internal Revenue Service office, together with interest demanded. A copy of such Notice of Deficiency is attached hereto as **Exhibit A** and incorporated herein by reference.

10. On December 28, 2017, Plaintiff duly filed with the Department of the Treasury at Covington, Kentucky a claim for refund of the sum of $1,027,041.77 plus interest and additions. A copy of the claim is attached hereto as **Exhibit B** and incorporated herein by reference.

11. On May 10, 2018, Plaintiff's counsel was informed by Defendant, via the IRS practitioners' hotline, that despite verification of delivery of the claim attached hereto as **Exhibit B**, Defendant did not show any record of the receipt of said claim for refund, and instructed Plaintiff's counsel to re-send the claim to the Internal Revenue Service Centers in both Covington, Kentucky, and Cincinnati, Ohio. A copy of the verification of delivery of Plaintiff's claim filed on December 28, 2017, is attached hereto as **Exhibit C** and incorporated herein by reference.

12. On May 15, 2018, Plaintiff duly filed with the District Director of Internal Revenue at Covington, Kentucky, and Cincinnati, Ohio, a claim for refund of the sum of $1,027,041.77 plus interest and additions. A copy of the claim is attached hereto as **Exhibit D** and incorporated herein by reference.

13. Following the May 15, 2018, re-submission of the claim referenced in Paragraph 12, herein, on September 6, 2018, the Commissioner of Internal Revenue neither notified Plaintiff that such claim was granted or disallowed..

14. At the time of Decedent's death, The Michael Patrick Connelly Indenture of Trust dated August 15, 1990 owned 385.90 shares of stock in Crown C Supply Company, Inc.

(hereinafter "Crown C Supply"), which constituted 77.18 percent of the outstanding shares of Crown C Supply. The Decedent's Crown C Supply stock was subject to an Amended and Restated Stock Purchase Agreement dated as of August 29, 2001. Subsequent to the Decedent's death, in accordance with the requirements under the Amended and Restated Stock Purchase Agreement, Crown C Supply redeemed all of the Decedent's Crown C Supply stock for $3,000,000 pursuant to a Sale and Purchase Agreement dated November 13, 2013, a copy of which is attached hereto.

15. An issue was raised during the course of the audit of the Decedent's Form 706 as to whether or not the value of Decedent's Crown C Supply stock shown on Form 706 was accurate. As a result of the issue involving the value of Decedent's Crown C Supply stock, Plaintiff obtained a calculation of value of the Decedent's Crown C Supply stock as of October 1, 2013, from Anders Minkler Huber & Helm, LLP ("Anders Firm"). This calculation of value determined that Decedent's Crown C Supply stock as of the date of Decedent's death was $2,982,000.

16. During the process of the audit, Plaintiff was advised by Richard McChesney, IRS Employee I.D. Number 1000255841, that the value of Decedent's Crown C Supply stock of $2,982,000, reflected in the calculation of value was acceptable to the Internal Revenue Service but for the failure of the calculation of value to take into account $3,000,000 in life insurance death proceeds received by Crown C Supply on the life of Decedent that was used by Crown C Supply to redeem Decedent's Crown C Supply stock.

17. Mr. McChesney argued that the life insurance proceeds received by Crown C Supply on life insurance owned by it, insuring Decedent's life, should be added to the value of Crown C Supply over and above the agreed to valuation of Crown C Supply that was negotiated during the audit as a result of the valuation performed by the Anders Firm.

18. During the audit process, Mr. McChesney was provided the ruling that was handed down by the 11th Circuit in the case of *George C. Blount vs. Commissioner*. The 11th Circuit ruled in *Blount* that life insurance proceeds are not the kind of ordinary non-operating asset that should be included in the value of the corporation under the Treasury regulations because the life insurance proceeds are offset dollar for dollar by the corporation's obligation to satisfy its contract.

19. The ruling rendered in the *Blount* case by the 11th Circuit is the highest federal court to rule on this issue. The *Blount* ruling has never been distinguished or contradicted by any federal court, there has been no legislative action to change the IRS regulations to reverse the holding in *Blount* and, thus, it has been the law of the land since 2005.

20. Finally, with respect to the Internal Revenue Service, the Service has never issued any type of non-acquisition statement regarding the *Blount* case and, thus, taxpayers are entitled to rely on the *Blount* case.

21. When addressing this issue on behalf of the Service, Mr. McChesney rejected the holding in *Blount* and indicated that the decision of the 11th Circuit Court of Appeals in the *Blount* case, and the decision of the 9th Circuit in the *Cartwright* case, were erroneous.

22. And then, almost incredibly, after rejecting the holding in the *Blount* case, Mr. McChesney cited a Law Review article, "Valuing Corporations for Estate Tax Purposes: A Blount Reappraisal" by Adam S. Chodorow, 3 Hastings Business Law Journal. Business Law Journal 1 (2006). This Law Journal merely hypothesized as to why the present law should be changed and Mr. McChesney's reliance upon a Law Journal article that merely represents an intellectual exercise undertaken by an author who merely argues that a law or regulation should be changed is not appropriate and is clearly in violation of 26 U.S.C. § 7433 in that Mr. McChesney has

5

recklessly and intentionally disregarded provisions of the Internal Revenue Code or any regulation promulgated under § 7433.

23. Plaintiff does not owe the monies identified in the Notice of Deficiency.

24. The IRS has acted in issuing a Notice of Deficiency to Plaintiff without substantial justification and Plaintiff is entitled to attorney's fees pursuant to 26 U.S.C § 7430.

25. No part of the overpayment of $1,027,041.77 has been credited, remitted, refunded, or repaid to Plaintiff or to their account, and the full amount, together with interest from October 31, 2017 remains due and owing from Defendant to Plaintiff.

**PRAYER FOR RELIEF**

WHEREFORE, for the foregoing reasons, Plaintiff Thomas A. Connelly, Executor of the Estate of Michael P. Connelly, Sr., respectfully prays this honorable Court grant its request and enter its Judgment in favor of Plaintiff in the amount of $1,027,041.77, together with interest from October 23, 2017; reasonable attorney's fees and costs; for such further amount as properly results from the allowance of further deductions for the cost and expenses of this proceeding; and grant such other and further relief that is just and proper.

Respectfully submitted,
DANNA McKITRICK, P.C.

Date: May 23, 2019         BY:    /s/ Robert L. Devereux
                                  Robert L. Devereux, # 32963MO
                                  7701 Forsyth Blvd., Suite 800
                                  St. Louis, MO  63105-3907
                                  Telephone: (314) 726-1000
                                  Facsimile: (314) 725-6592
                                  E-Mail:   rdevereux@dmfirm.com
                                  ATTORNEYS FOR PLAINTIFF

Complaint.docx