

PLAINTIFF'S EXHIBIT 12

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

THOMAS A. CONNELLY,                          )
in his Capacity as Executor of the )
Estate of Michael P. Connelly, Sr.,)
                                             )
        Plaintiff,                           )
                                             )
vs.                                          ) 4:19-cv-01410-SRC
                                             )
THE UNITED STATES OF AMERICA,                )
DEPARTMENT OF THE TREASURY,                  )
INTERNAL REVENUE SERVICE,                    )
                                             )
        Defendant.                           )


VIRTUAL DEPOSITION OF EVAN K. COHEN

taken on behalf of the Plaintiff

November 25, 2020


INDEX PAGE 2

REPORTER:  Bo Kriegshauser
 CCR MO. LICENSE NO. 735
 CSR IL. LICENSE NO. 084-003924
   RPR LICENSE NO. 047257

Page 2

1          INDEX OF EXAMINATIONS
2                                          PAGE
3   Direct-Examination by Mr. Devereux..   5
4   Cross-Examination by Mr. Bresnahan..  74
5   Redirect-Examination by Mr. Devereux  75
6
7        INDEX OF PLAINTIFF'S EXHIBITS
8                                          PAGE
9
10  Ex. 1     12
11  Ex. 2     13
12  Ex. 3     16
13  Ex. 4     38
14  Ex. 5     25
15  Ex. 6     28
16  Ex. 12    30
17  Ex. 13    50
18  Ex. 16    65
19
20
21
22       COURT REPORTER WAS EMAILED EXHIBITS
23
24       SIGNATURE PAGE FOUND ON PAGE 78
25

Page 3

1       UNITED STATES DISTRICT COURT
        EASTERN DISTRICT OF MISSOURI
2             EASTERN DIVISION
3
    THOMAS A. CONNELLY,           )
4   in his Capacity as Executor of the )
    Estate of Michael P. Connelly, Sr.,)
5                                 )
         Plaintiff,                )
6                                 )
    vs.                ) 4:19-cv-01410-SRC
7                                 )
    THE UNITED STATES OF AMERICA, )
8   DEPARTMENT OF THE TREASURY,   )
    INTERNAL REVENUE SERVICE,     )
9                                 )
         Defendant.                )
10
11
12
13
14      VIRTUAL DEPOSITION OF EVAN K. COHEN, produced,
15  sworn, and examined on behalf of the Plaintiff on
16  November 25, 2020, between the hours of 9:30 a.m. and
17  1:05 p.m. of that day, via REMOTE virtual hook-up,
18  before Bo Kriegshauser, a Registered Professional
19  Reporter and Certified Court Reporter within and for
20  the State of Missouri.
21
22
23
24
25

Page 4

1           REMOTE APPEARANCES
2
3       The Plaintiff was represented by Mr. Robert
4   L. Devereux, Esq., and Ms. Jessica Gottsacker, Esq.,
5   of the Law Offices of Danna McKitrick, P.C., 7701
6   Forsyth Boulevard, Suite 1200, St. Louis, MO 63105.
7
8
9       The Defendant was represented by Mr. James
10  Bresnahan, II, Esq., of the U.S. Department of
11  Justice, Tax Division, 555 4th Street, NW, Room 8840,
12  Washington, D.C., 20001.
13
14
15
16
17
18
19
20
21
22
23
24
25

Page 5

1       IT IS HEREBY STIPULATED AND AGREED by
2   and between Counsel for the Plaintiff and Counsel for
3   the Defendant, that this deposition may be taken in
4   shorthand by Bo Kriegshauser, a Registered
5   Professional Reporter, Certified Court Reporter, and
6   afterwards transcribed into typewriting, and the
7   Witness read and signed the deposition.
8
9                  o-O-o
10      COURT REPORTER:  Do you swear or affirm to
11  tell the truth, the whole truth, and nothing but the
12  truth?
13      THE WITNESS:  I do.
14      COURT REPORTER:  Thank you.
15
16                 o-O-o
17
18      EVAN K. COHEN,
19  of lawful age, produced, sworn, and examined on behalf
20  of the Plaintiff, deposes and says:
21
22         DIRECT-EXAMINATION
23  QUESTIONS BY MR. DEVEREUX:
24      Q   Okay.  Good morning everyone.  Just a
25  housekeeping matter I think we should take on the

EXAMINATION BY MR. DEVEREUX

Page 66

1  or becomes incompetent or revokes or disputes the
2  validity or liability under, any guarantee of the
3  indebtedness evident by this note.  I see that.
4      Q   So my question is, did you understand that
5  when Michael Connelly died, that was a delineated item
6  of default in the promissory note that's contained in
7  Plaintiff's Exhibit 16?
8      A   I see that language here, but I didn't -- it
9  wasn't part of my opinion or scope.
10     Q   So did you give any credence to the fact
11 that when Michael Connelly died on October 1st, 2013,
12 that Crown C Supply was in default of its loan
13 covenants with Commerce Bank?
14     A   No, because in accepting the Anders Minkler
15 valuation I've been told to accept everything, you
16 know, above the treatment of the obligation and the
17 insurance proceeds.  And this included that.  So I
18 didn't consider a valuation of the debt could be part
19 of my scope.
20         MR. DEVEREUX:  Okay.  I'm just about done.
21 Could we take about a ten-minute break?  Let me just
22 get a little organized here and see if I have any
23 additional questions?  I think it will be about
24 another five or ten minutes.  Would that be okay with
25 everybody?

Page 67

1          MR. BRESNAHAN:  Yes.
2          MR. DEVEREUX:  All right.  It's 12:34.
3  Let's come back about 12:45.  Or in your case, the
4  east coast guys, 1:45.
5          (A break was held.)
6
7          MR. DEVEREUX:  Back on.
8      Q   (By Mr. Devereux) Mr. Cohen, did you perform
9  any analysis to determine the value of Crown C Supply
10 by comparing any other similarly situated business?
11     A   I'm sorry, I was on mute.  No.
12     Q   Okay.  And I think I asked you this, but I
13 want the record to be clear, did anybody during your
14 assignment that culminated in your expert report ever
15 inform you of the case of the estate of Blount versus
16 The Commissioner of Internal Revenue?
17     A   Yeah, I thought we discussed that at the
18 beginning that I might have reviewed the case a year
19 ago, but it had no impact on my analysis and opinion.
20     Q   Did you ignore the holding in Blount in
21 rendering your opinion?
22     A   I didn't even consider the holding of Blount
23 in rendering my opinion.
24     Q   Well, when you -- when you reviewed the
25 Blount case, what understanding did you gain as it

Page 68

1  relates to life insurance proceeds that are received
2  by a company pursuant to a buy/sell agreement?
3      A   I don't recall having any understanding.
4  And I didn't need to come up with an understanding
5  because my assignment was, you know, to opine on the
6  fair market value of the -- of Michael Connelly's
7  shares, and that's not a question where I need legal
8  precedent to consider it.  You know, it's a question
9  of valuation.
10     Q   But don't we as taxpayers and as Internal
11 Revenue Service, don't we rely on court cases to
12 provide guidance as to how we treat particular
13 transactions?
14     A   I mean, let's take my baseball card example.
15 You don't need a court decision to figure out that
16 $100 baseball card its worth $100.  So, I mean I don't
17 know what courts have to do with -- with, you know,
18 what my scope was.
19     Q   Well, let's use your example of the baseball
20 card.  And let's say that you do sell a baseball card
21 for $100, and the internal revenue code provides that
22 when anybody sells a baseball card you're taxed at
23 95 percent of the sale price.  Would that require the
24 seller of that baseball card to then pay $95 into the
25 registry of the federal government as a result of that

Page 69

1  sale due to the fact that there was an internal
2  revenue code that required it?
3      A   It would seem that way.
4      Q   So, why -- why was it that you didn't follow
5  the case law that annunciated how insurance proceeds
6  are to be treated pursuant to a buy/sell agreement?
7          MR. BRESNAHAN:  Objection.  That's calling
8  for a legal conclusion.
9      Q   (By Mr. Devereux) Subject to that, sir, you
10 may answer.
11     A   Yeah, if the question is what's the fair
12 market value of the baseball card and you know, do an
13 analysis and it's $100, that has nothing to do with
14 what the proceeds are used for.  You know, my question
15 is what's the value of the company or what's the value
16 of the percentage share of the company?  Then if there
17 is some legal precedent that has some impact -- you
18 know, it doesn't affect what a willing buyer and a
19 willing seller are going to exchange that for.  That's
20 a market determination.  Not a legal determination.
21     Q   Is it not a legal determination when the
22 court declares that -- in Blount, the Ninth Circuit
23 approved deducting the insurance proceeds from the
24 value of the organization when they are offset by an
25 obligation to pay those proceeds to the estate in a

Page 78

```
 1              SIGNATURE PAGE
 2   STATE OF_____)
 3   COUNTY OF_____)
 4        I,_____, do
 5   hereby affirm that I have read the foregoing
 6   deposition and agree that said deposition is a true
 7   and correct representation of my testimony in this
 8   matter, with any changes I have made on the correction
 9   page.
10
11        _____
12              EVAN K. COHEN
13
14        Subscribed to before me this _____ day
15   of _____, 2020.
16
17        _____
18              NOTARY PUBLIC
19
20        My commission expires:_____
21
     STYLE OF CASE:  Thomas A. Connelly, in his Capacity as
22   Executor of the Estate of Michael P. Connelly, Sr.,
     VS. The United States of America, Department of the
23   Treasury, Internal Revenue Service
24   TAKEN ON:  November 25, 2020
25   REPORTER:  Bo Kriegshauser, RPR, CCR, CSR-IL, CLVS
```

Page 79

```
 1              CERTIFICATE
 2        I, Bo Kriegshauser, a Registered
     Professional Reporter and duly Certified Court
 3   Reporter within and for the State of Missouri, do
     hereby certify that there came before me via REMOTE
 4   virtual hook-up,
 5        EVAN K. COHEN,
 6   was by me first duly sworn to testify to the truth and
     nothing but the truth of all knowledge touching and
 7   concerning the matters in controversy in this cause;
     that the witness was thereupon carefully examined
 8   under oath and said examination was reduced to writing
     by me; and that the signature of the witness was NOT
 9   waived by agreement of witness and all parties, and
     that this deposition is a true and correct record of
10   the testimony given by the witness.
11        I further certify that I am neither attorney
     nor counsel for nor related nor employed by any of the
12   parties to the action in which this deposition is
     taken; further, that I am not a relative or employee
13   of any attorney or counsel employed by the parties
     hereto or financially interested in this action.
14
15
16
17
18
19
20        Bo Kriegshauser
21
22
23
24
25
```